1

2

3

4

5

6

7

8

FILED
LODGED
ENTERED
RECEIVED

JUN 24 2004 MR

CLERK AT SEATTLE
WESTERN DISTRICT COURT
DISTRICT OF WASHINGTON
DEPUTY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

CV04-1468

BETTY JEAN NAGEL,

                    Plaintiff,

          v.

JOHN or JANE DOE I through VI and CITY
OF SEATTLE, a municipal corporation,

                    Defendants.

NO.

King County Superior Court
Cause No. 04-2-04864-8SEA

**VERIFICATION OF STATE
COURT RECORDS**

## VERIFICATION

The undersigned hereby declares the following:

1. The undersigned are attorneys of record for defendant City of Seattle.

2. Pursuant to CR 101(b), attached are true and correct copies of all records and proceedings in the Superior Court of King County, Washington in the above-entitled action, Cause No. 04-2-04864-8SEA:

04-CV-01468-DOCTRM

VERIFICATION OF STATE COURT
RECORDS - 1

STAFFORD FREY COOPER
———— Professional Corporation ————
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
Fax (206) 624-6885

M:\CLIENTS\3015\25992\PLD REMOVAL-VERIFICATION.DOC

ORIGINAL

| Exhibit | Document |
|---|---|
| 1 | Civil Cover Sheet<br>Case Assignment Designation<br>Summons and Complaint |
| 2 | Order Setting Civil Case Schedule |
| 3 | Affidavit / Declaration of Service |
| 4 | Notice of Appearance – City of Seattle |

DATED this _23_ day of June, 2004 at Seattle, Washington.

**STAFFORD FREY COOPER**
*Professional Corporation*

By _____
Ted Buck, WSBA #22029
Attorneys for Defendant City of Seattle

VERIFICATION OF STATE COURT
RECORDS - 2

STAFFORD FREY COOPER
Professional Corporation
ATTORNEYS
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL (206) 623-9900
FAX (206) 624-6885

M:\CLIENTS\3019\25992\PLD REMOVAL-VERIFICATION.DOC

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**APPEAL/REVIEW**

☐ Administrative Law Review (ALR 2)*
☐ Civil, DOL (DOL 2)*

**CONTRACT/COMMERCIAL**

☐ Breach of Contract (COM 2)*
☐ Commercial Contract (COM 2)*
☐ Commercial Non-Contract (COL 2)*
☐ Meretricious Relationship (MER 2)*
☐ Third Party Collection (COL 2)*

**DOMESTIC RELATIONS**

☐ Annulment/Invalidity (with dependent children? Y )(INV3)*
☐ Child Custody (CUS 3)*
☐ Nonparental Custody (CUS 3)*
☐ Dissolution With Children (DIC 3)*
☐ Dissolution With No Children (DIN 3)*
☐ Enforcement/Show Cause Out of County (MSC 3)
☐ Establish Residential Sched/Parenting Plan(PPS 3)* ££
☐ Establish Residential Sched Support Only (PPS 3)* ££
☐ Legal Separation (with dependent children? Y N ) (SEP 3)*
☐ Mandatory Wage Assignment (MWA 3)
☐ Modification (MOD 3)*
☐ Modification - Support Only (MDS 3)*
☐ Out-of-state Custody Order Registration (OSC 3 or 5)
☐ Reciprocal, Respondent in County (RIC 3)
☐ Reciprocal, Respondent Out of County (ROC 3)
☐ Registration of Out of State Support Court Order (FJU 3)
☐ Relocation Objection/Modification (MOD 3)*

**ADOPTION/PATERNITY**

☐ Adoption (ADP 5)
☐ Challenge to Acknowledgment of Paternity (PAT 5)*
☐ Challenge to Denial of Paternity (PAT 5)*
☐ Confidential Intermediary (MSC 5)
☐ Establish Parenting Plan-Existing King County Paternity (MSC 5)*
☐ Initial Pre-Placement Report (PPR 5)
☐ Modification (MOD 5)*
☐ Modification-Support Only (MDS 5)*
☐ Paternity (PAT 5)*
☐ Paternity/UIFSA (PUR 5)*
☐ Registration of Out of State Support Court Order (FJU 5)
☐ Relinquishment (REL 5)
☐ Relocation Objection/Modification (MOD 5)*
☐ Rescission of Acknowledgment of Paternity (PAT 5)*
☐ Rescission of Denial of Paternity (PAT 5)*
☐ Termination of Parent-Child Relationship (TER 5)

**DOMESTIC VIOLENCE/ANTIHARASSMENT**

☐ Civil Harassment (HAR 2)
☐ Confidential Name Change (CHN 5)
☐ Domestic Violence (DVP 2)
☐ Domestic Violence with Children (DVC 2)
☐ Foreign Protection Order (FPO 2)
☐ Vulnerable Adult Protection (VAP 2)
☐ Civil Harassment (HAR 2)

££ Paternity Affidavit or Existing/Paternity is not an issue and NO other case exists in King County* The filing party will be given an appropriate case schedule.      ** Case schedule will be issued after hearing and findings.

I.: forms/enshlers/cics
Rev 01/04

**Exhibit** 2

**KING COUNTY SUPERIOR COURT**
**CASE ASSIGNMENT DESIGNATION**
and
**CASE INFORMATION COVER SHEET**

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time but helps in forecasting judicial resources. A faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to Administrative Rule 2 and King County Code 4.71.100.

**PROPERTY RIGHTS**

☐ Condemnation/Eminent Domain (CON 2)*
☐ Foreclosure (FOR 2)*
☐ Land Use Petition (LUP 2)*
☐ Property Fairness (PPA 2)*
☐ Quiet Title (QTI 2)*
☐ Unlawful Detainer (UND 2)

**JUDGMENT**

☐ Confession of Judgment (MSC 2)*
☐ Judgment, Another County, Abstract (ABJ 2)
☐ Judgment, Another State or Country (FJU 2)
☐ Tax Warrant (TAX 2)
☐ Transcript of Judgment (TRJ 2)

**OTHER COMPLAINT/PETITION**

☐ Action to Compel/Confirm Private Binding Arbitration (MSC 2)
☐ Certificate of Rehabilitation (MSC 2)
☐ Change of Name (CHN 2)
☐ Deposit of Surplus Funds (MSC 2)
☐ Emancipation of Minor (EOM 2)
☐ Frivolous Claim of Lien (MSC 2)
☐ Injunction (INJ 2)*
☐ Interpleader (MSC 2)
☐ Malicious Harassment (MHA 2)*
☐ Non-Judicial Filing (MSC 2)
☐ Other Complaint/Petition(MSC 2)*
☐ Seizure of Property from the Commission of a Crime (SPC 2)*
☐ Seizure of Property Resulting from a Crime (SPR 2)*
☐ Structured Settlements (MSC 2)*
☐ Subpoena (MSC 2)

**PROBATE/GUARDIANSHIP**

☐ Absentee (ABS 4)
☐ Disclaimer (DSC4)
☐ Estate (EST 4)
☐ Foreign Will (FNW 4)
☐ Guardian (GDN4)
☐ Limited Guardianship (LGD 4)
☐ Minor Settlement (MST 4)
☐ Non-Probate Notice to Creditors (NNC 4)
☐ Trust (TRS 4)
☐ Trust Estate Dispute Resolution Act/PCA (TDR 4)
☐ Will Only (WLL4)

**TORT, MEDICAL MALPRACTICE**

☐ Hospital (MED 2)*
☐ Medical Doctor (MED 2)*
☐ Other Health Care Professional (MED 2)*

**TORT, MOTOR VEHICLE**

☐ Death (TMV 2)*
☐ Non-Death Injuries (TMV 2)*
☐ Property Damage Only (TMV 2)*

**TORT, NON-MOTOR VEHICLE**

☐ Asbestos (PIN 2)**
☐ Implants (PIN 2)
☐ Other Malpractice (MAL 2)*
☐ Personal Injury (PIN 2)*
☐ Products Liability (TTO 2)*
☐ Property Damage (PRP 2)*
☐ Wrongful Death (WDE 2)*
☒ Tort, Other (TTO 2)*

**WRIT**

☐ Habeas Corpus (WHC 2)
☐ Mandamus (WRM 2)**
☐ Review (WRV 2)**

* The filing party will be given an appropriate case schedule. ** Case schedule will be issued after hearing and findings.

L: forms/cashiers/cics
Rev 01/04

3

**FILED**

**FILED**

**2004 FEB 26 PM 1:33**

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

KING CO. SUPERIOR CT
BARBARA MINER
DIRECTOR & SUPERIOR COURT CLERK
SEATTLE WA

04-2-04864-8

| Proc. Date | Acct. Date | Time |
|---|---|---|
| 2/26/2004 | 2/26/2004 | 01:34 PM |

Receipt/Item #   Tran-Code   Docket-Code
2004-13-02753/01   1100   &FR
Cashier: JSS

Paid By: SHIDLET, FRANKLIN
Transaction Amount:          $110.00

KING COUNTY SUPERIOR COURT
CASE ASSIGNMENT DESIGNATION
and
CASE INFORMATION COVER SHEET
(cics)

In accordance with LR82(e), a faulty document fee of $15 will be assessed to new case filings missing this sheet pursuant to King County Code 4.71.100.

CASE NUMBER: **04-2-04864-8 SEA**

CASE CAPTION: _Nagel v. Doe_

I certify that this case meets the case assignment criteria, described in King County LR 82(e), for the:

___X___ Seattle Area, defined as:

All of King County north of Interstate 90 and including all of the Interstate 90 right-of-way; all the cities of Seattle, Mercer Island, Bellevue, Issaquah and North Bend; and all of Vashon and Maury Islands.

_____ Kent Area, defined as:

All of King County south of Interstate 90 except those areas included in the Seattle Case Assignment Area.

Signature of Petitioner/Plaintiff          Date

Signature of Attorney for
Petitioner/Plaintiff

_6661_
WSBA Number

_2/26/04_
Date

L: forms/cashiers/cics
Rev 01/04

ORIGINAL

1

RECEIVED

04 MAY 25 PM 4:48

CITY OF SEATTLE
MAYOR'S OFFICE



IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

BETTY JEAN NAGEL

              Plaintiff,

vs.

JOHN or JANE DOE I THROUGH VI, and CITY
OF SEATTLE, a municipal corporation,
              Defendant.

NO. 04-2-04864-8 SEA

SUMMONS

TO THE DEFENDANT: CITY OF SEATTLE

    1. A lawsuit has been started against you in the above-entitled court by Keith Fair
and Nancy Fair, plaintiffs. Plaintiffs' claim is stated in the written complaint, a copy of which is
served upon you with this summons.

    2. In order to defend against this lawsuit, you must respond to the complaint by
stating your defense in writing, and serving a copy upon the person signing this summons within 20
days after the service of this summons, excluding the day of service, or a default judgment may be
entered against you without notice. A default judgment is one where the plaintiffs are entitled to

FRANKLIN W. SHOICHET
Attorney at Law
3250 Bank of California Center 900 Fourth Avenue
Seattle, Washington 98164-1072
Voice 206.382.0000 Fax 206.382.9109

1       (B) forcibly pulled or caused another individual defendant to forcibly pull Ms. Nagel

2 from where she was standing inside her home at her doorway, in order to facilitate the above

3 warrantless entry, and with unreasonable force.

4       5. The above actions were in violation of plaintiff's rights to be free of unreasonable

5 searches and seizures under the Fourth and Fourteenth Amendments to the U.S. Constitution, and

6 were thus a violation of 42 USC §1983. In addition, the above actions were a violation of

7 plaintiff's rights under Art. I, §7 of the Washington Constitution.

8       6. Defendant City of Seattle caused the above violations by a formal or informal policy

9 of inadequate supervision or discipline of police officers, and was thus in violation of 42 USC

10 §1983, including but not limited to:

11       a. a policy of inadequate funding and staffing of the Internal Investigations Unit of the

12 Seattle Police Department, predictably resulting in unreasonable delays in the pursuit of such

13 internal investigations, such that these complaints against its officers were less likely to be

14 investigated while reasonably fresh and thus less likely to be sustained; and

15       b. a long-time informal policy of not sustaining unreasonable force complaints, except in

16 the most minuscule numbers, despite a preponderance of evidence to the contrary for many such

17 complaints, such as to provide no practical deterrence to the use of such force.

18       7. As a proximate result of the above acts and omissions, plaintiff suffered invasion of

19 her home and privacy, physical injury, medical expense, pain, and suffering.

20       WHEREFORE, plaintiff requests the following relief:

21       a. Judgment against defendants and each of them in an amount to be proven at trial for

22 her compensatory damages;

23       b. An award of punitive damages against those individual defendants who acted in

24 reckless or callous disregard of plaintiff's rights, per 42 USC §1983;

25       c. An award of reasonable attorney's fees, per 42 USC §1988; and

26       d. Such other relief as the court deems just and equitable.

27       Date: 2/26/04

28

FRANKLIN W. SHOICHET
Attorney at Law
3250 Bank of California Center 900 Fourth Avenue
Seattle, Washington 98164-1005
Voice 206.382.0000 Fax 206.382.9109

1

2  FRANKLIN W. SHOICHET
   Attorney for Plaintiff, WSBA #6661

3

4
                                         by FWS
5  MICHAEL S. KOLKER
   Attorney for Plaintiff, WSBA #6661 .

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES— P. 3

FRANKLIN W. SHOICHET
Attorney at Law
3250 Bank of California Center 900 Fourth Avenue
Seattle, Washington 98164-1005
Voice 206.382.0000 Fax 206.382.9709

MAY-17-04   11:31AM   FROM-Law Offices                    206-382-9109            T-056   P.003/005   F-376

1

2

3

4

5

6

7

8      IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON FOR KING COUNTY

9
       BETTY JEAN NAGEL,                       )       NO.
10              Plaintiff,                      )
                                               )
11     v.                                       )       COMPLAINT FOR DAMAGES
                                               )
12     JOHN or JANE DOE I THROUGH VI,           )
       CITY OF SEATTLE, a municipal             )
13     corporation,                             )
                Defendants.                     )
14     _____)

15     Plaintiff alleges as follows:

16          1. Plaintiff is a resident of King County and a citizen of the United States within the

17     meaning of 42 USC §1983.

18          2. Defendant John or Jane Doe I through IV's true identities are unknown to plaintiff and

19     they are accordingly sued under pseudonyms. They are City of Seattle police officers and at all

20     relevant times acted under color of law of the State of Washington. They are sued in their

21     individual capacity.

22          3. Defendant City of Seattle is a municipal corporation in King County, existing by and

23     under the laws of the State of Washington. At all relevant times, it acted under color of law of

24     the State of Washington.

25          4. On or about March 5, 2001, one or more of the individual defendants:

26          (A) entered or caused another individual defendant to enter Ms. Nagel's home without

27     her permission, without probable cause and without a warrant, and when she had expressly

28     declined to give such permission; and

                                          FRANKLIN W. SHOICHET
                                                Attorney at Law
                                  3250 Bank of California Center  900 Fourth Avenue
                                        Seattle, Washington 98164-1005
                                    Voice 206.382.9000  Fax 206.382.9109

1    (B) forcibly pulled or caused another individual defendant to forcibly pull Ms. Nagel

2    from where she was standing inside her home at her doorway, in order to facilitate the above

3    warrantless entry, and with unreasonable force.

4        5. The above actions were in violation of plaintiff's rights to be free of unreasonable

5    searches and seizures under the Fourth and Fourteenth Amendments to the U.S. Constitution, and

6    were thus a violation of 42 USC §1983. In addition, the above actions were a violation of

7    plaintiff's rights under Art. I, §7 of the Washington Constitution.

8        6. Defendant City of Seattle caused the above violations by a formal or informal policy

9    of inadequate supervision or discipline of police officers, and was thus in violation of 42 USC

10   §1983, including but not limited to:

11       a. a policy of inadequate funding and staffing of the Internal Investigations Unit of the

12   Seattle Police Department, predictably resulting in unreasonable delays in the pursuit of such

13   internal investigations, such that these complaints against its officers were less likely to be

14   investigated while reasonably fresh and thus less likely to be sustained; and

15       b. a long-time informal policy of not sustaining unreasonable force complaints, except in

16   the most minuscule numbers, despite a preponderance of evidence to the contrary for many such

17   complaints, such as to provide no practical deterrence to the use of such force.

18       7. As a proximate result of the above acts and omissions, plaintiff suffered invasion of

19   her home and privacy, physical injury, medical expense, pain, and suffering.

20       WHEREFORE, plaintiff requests the following relief:

21       a. Judgment against defendants and each of them in an amount to be proven at trial for

22   her compensatory damages;

23       b. An award of punitive damages against those individual defendants who acted in

24   reckless or callous disregard of plaintiff's rights, per 42 USC §1983;

25       c. An award of reasonable attorney's fees, per 42 USC §1988; and

26       d. Such other relief as the court deems just and equitable.

27       Date: _____

28

FRANKLIN W. SHOICHET
Attorney at Law
3250 Bank of California Center  900 Fourth Avenue
Seattle, Washington 98164-1005
Voice 206.382.0000  Fax 206.382.9109

COMPLAINT FOR DAMAGES— P. 2

```
 1
 2                                    FRANKLIN W. SHOICHET
                                      Attorney for Plaintiff, WSBA #6661
 3
 4                                    MICHAEL S. KOLKER
 5                                    Attorney for Plaintiff, WSBA #6661
 6
 7
 8
 9
10
11
12
13
14              .
15
16
17
18
19
20
21
22
23
24
25
26
27
28
```

COMPLAINT FOR DAMAGES- P. 3

RECEIVED

04 MAY 25 PM 4:48

CITY OF SEATTLE
MAYOR'S OFFICE

# IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
# IN AND FOR THE COUNTY OF KING

Nagel

Plaintiff(s),

vs.

Does & City of Seattle

Defendant(s).

NO. **04-2-04864-8 SEA**

ORDER SETTING CIVIL CASE SCHEDULE

ASSIGNED JUDGE: **STEVE SCOTT**

TRIAL DATE: Mon 7/18/05
(*ORSCS)

On Thu 2/26/04, a civil case has been filed in the King County Superior Court and will be managed by the Case Schedule on Page 3 as ordered by the King County Superior Court Presiding Judge.

## 1. NOTICES

**NOTICE TO PLAINTIFF:**

The Plaintiff may serve a copy of this **Order Setting Case Schedule** (*Schedule*) on the Defendant(s) along with the **Summons and Complaint/Petition.** Otherwise, the Plaintiff shall serve the *Schedule* on the Defendant(s) within 10 days after the later of: (1) the filing of the **Summons and Complaint/Petition** or (2) service of the Defendant's first response to the **Complaint/Petition**, whether that response is a **Notice of Appearance**, a response, or a Civil Rule 12 (CR 12) motion. The **Schedule** may be served by regular mail, with proof of mailing to be filed promptly in the form required by Civil Rule 5 (CR 5).

*"I understand that I am required to give a copy of these documents to all parties in this case."*

Franklin Shorehet
Print Name

Franklin W Shorhet
Sign Name

**Exhibit 2**

Revised June 2003

## I. NOTICES (continued)

**NOTICE TO ALL PARTIES:**
All attorneys and parties should make themselves familiar with the King County Local Rules [KCLR] -- especially those referred to in this *Schedule*. In order to comply with the *Schedule*, it will be necessary for attorneys and parties to pursue their cases vigorously from the day the case is filed. For example, discovery must be undertaken promptly in order to comply with the deadlines for joining additional parties, claims, and defenses, for disclosing possible witnesses [See KCLR 26], and for meeting the discovery cutoff date [See KCLR 37(g)].

**SHOW CAUSE HEARINGS FOR CIVIL CASES** [King County Local Rule 4(g)]
A *Show Cause Hearing* will be held before the assigned judge if the case is not at issue. The Order to Show Cause will be mailed to all parties. The parties or counsel are required to attend. A Confirmation of Joinder, Claims and Defenses must be filed by the deadline in the schedule.

**PENDING DUE DATES CANCELED BY FILING PAPERS THAT RESOLVE THE CASE:**
When a final decree, judgment, or order of dismissal of all parties and claims is filed with the Superior Court Clerk's Office, and a courtesy copy delivered to the assigned judge, all pending due dates in this *Schedule* are automatically canceled, including the scheduled Trial Date. It is the responsibility of the parties to 1) file such dispositive documents within 45 days of the resolution of the case, and 2) strike any pending motions by notifying the bailiff to the assigned judge.

Parties may also authorize the Superior Court to strike all pending due dates and the Trial Date by filing a *Notice of Settlement* pursuant to KCLR 41, and forwarding a courtesy copy to the assigned judge. If a final decree, judgment or order of dismissal of all parties and claims is not filed by 45 days after a *Notice of Settlement*, the case may be dismissed with notice.

**If you miss your scheduled Trial Date,** the Superior Court Clerk is authorized by KCLR 41(b)(2)(A) to present an *Order of Dismissal*, without notice, for failure to appear at the scheduled Trial Date.

**NOTICES OF APPEARANCE OR WITHDRAWAL AND ADDRESS CHANGES:**
*All parties to this action must keep the court informed of their addresses.* When a Notice of Appearance/Withdrawal or Notice of Change of Address is filed with the Superior Court Clerk's Office, parties must provide the assigned judge with a courtesy copy.

**ARBITRATION FILING AND TRIAL DE NOVO POST ARBITRATION FEE:**
A Statement of Arbitrability must be filed by the deadline on the schedule **if the case is subject to mandatory arbitration and is at issue. If mandatory arbitration is required after the deadline, parties must obtain an order from the assigned judge transferring the case to arbitration. Any party filing a Statement must pay a $220 arbitration fee** (effective 10/1/2002). If a party seeks a trial de novo when an arbitration award is appealed, a fee of $250 and the request for trial de novo must be filed with the Clerk's Office Cashiers.

**NOTICE OF NON-COMPLIANCE FEES:** All parties will be assessed a fee authorized by King County Code 4.71.050 whenever the Superior Court Clerk must send notice of non-compliance of schedule requirements and/or Local Rule 41.

## II. CASE SCHEDULE

| CASE EVENT | DEADLINE or EVENT DATE |
|---|---|
| Case Filed and Schedule Issued | Thu 2/26/04 |
| ✓ Confirmation of Service [See KCLR 4.1] | Thu 3/25/04 |
| ✓ Last Day for Filing Statement of Arbitrability without a Showing of Good Cause for Late Filing [See KCLMAR 2.1(a) and Notices on Page 2] $220 arbitration fee must be paid | Thu 8/05/04 |
| — OR [Consult Local Rules to determine which document applies for your case.] ✓ Confirmation of Joinder of Parties, Claims and Defenses [See KCLR 4.2(a)(2)] NOTE:   If "Joinder" document applies to the case and is not filed, the parties may be required to appear at the Show Cause Hearing. | Thu 8/05/04 |
| DEADLINE for Hearing Motions to Change Case Assignment Area [KCLR 82(e)] | Thu 8/19/04 |
| DEADLINE for Disclosure of Possible Primary Witnesses [See KCLR 26(b)] | Mon 2/14/05 |
| ✓ DEADLINE for Disclosure of Possible Rebuttal Witnesses [See KCLR 26(c)] | Mon 3/28/05 |
| ✓ DEADLINE for Jury Demand [See KCLR 38(b)(2)] | Mon 4/11/05 |
| DEADLINE for a Change in Trial Date [See KCLR 40(e)(2)] | Mon 4/11/05 |
| DEADLINE for Discovery Cutoff [See KCLR 37(g)] | Tue 5/31/05 |
| DEADLINE for Engaging in Alternative Dispute Resolution [See attached Order] | Mon 6/20/05 |
| ✓ DEADLINE to file Joint Confirmation of Trial Readiness [See attached Order] | Mon 6/27/05 |
| DEADLINE: Exchange Witness & Exhibit Lists & Documentary Exhibits [KCLR 16(a)(3)] | Mon 6/27/05 |
| DEADLINE for Hearing Dispositive Pretrial Motions [See KCLR 56; CR 56] | Tue 7/05/05 |
| ✓ Joint Statement of Evidence [See KCLR 16(a)(4)] | Mon 7/11/05 |
| Trial Date [See KCLR 40] | Mon 7/18/05 |

✓ Indicates a document that must be filed with the Superior Court Clerk's Office by the date shown.

## III. ORDER

Pursuant to King County Local Rule 4 [KCLR 4], IT IS ORDERED that the parties shall comply with the schedule listed above. Penalties, including but not limited to sanctions set forth in Local Rule 4(g) and Rule 37 of the Superior Court Civil Rules, may be imposed for non-compliance. It is FURTHER ORDERED that the party filing this action must serve this Order Setting Civil Case Schedule and attachment on all other parties.

DATED: 2/26/2004

Richard D. Eadie

**Richard D. Eadie**
PRESIDING JUDGE

## IV. ORDER ON CIVIL PROCEEDINGS FOR ASSIGNMENT TO JUDGE

## READ THIS ORDER PRIOR TO CONTACTING YOUR ASSIGNED JUDGE

This case is assigned to the Superior Court Judge whose name appears in the caption of this *Schedule*. The assigned Superior Court Judge will preside over and manage this case for all pre-trial matters.

**COMPLEX LITIGATION**: If you anticipate an unusually complex or lengthy trial, please notify the assigned court as soon as possible.

**The following procedures hereafter apply to the processing of this case:**

### APPLICABLE RULES:

    a. Except as specifically modified below, all the provisions of King County Local Rules 4 through-26 shall apply to the processing of civil cases before Superior Court Judges.

### CASE SCHEDULE AND REQUIREMENTS:

**A.** Show Cause Hearing: A Show Cause Hearing will be held before the Chief Civil/Chief RJC judge if the case does not have confirmation of service on all parties, answers to all claims, crossclaims, or counterclaims as well as the confirmation of joinder or statement of arbitrability filed before the deadline in the attached case schedule. All parties will receive an *Order to Show Cause* that will set a specific date and time for the hearing. Parties and/or counsel who are required to attend will be named in the order.

**B.** Pretrial Order: An order directing completion of a Joint Confirmation of Trial Readiness Report will be mailed to all parties approximately six (6) weeks before trial. This order will contain deadline dates for the pretrial events listed in King County Local Rule 16:

    1) Settlement/Mediation/ADR Requirement;
    2) Exchange of Exhibit Lists;
    3) Date for Exhibits to be available for review;
    4) Deadline for disclosure of witnesses;
    5) Deadline for filing Joint Statement of Evidence;
    6) Trial submissions, such as briefs, Joint Statement of Evidence, jury instructions;
    7) voir dire questions, etc;
    8) Use of depositions at trial;
    9) Deadlines for nondispositive motions;
    10) Deadline to submit exhibits and procedures to be followed with respect to exhibits;
    11) Witnesses — identity, number, testimony;

**C.** Joint Confirmation regarding Trial Readiness Report: No later than twenty one (21) days before the trial date, parties shall complete and file (with a copy to the assigned judge) a joint confirmation report setting forth whether a jury demand has been filed, the expected duration of the trial, whether a settlement conference has been held, and special problems and needs (e.g. interpreters, equipment), etc. If parties wish to request a CR 16 conference, they must contact the assigned court. Plaintiff/petitioner's counsel is responsible for contacting the other parties regarding said report.

**D.** Settlement/Mediation/ADR:
    1) Forty five (45) days before the Trial Date, counsel for plaintiff shall submit a written settlement demand. Ten (10) days after receiving plaintiff's written demand, counsel for defendant shall respond (with a counteroffer, if appropriate).
    2) Twenty eight (28) days before the Trial Date, a settlement/mediation/ADR conference shall have been held. **FAILURE TO COMPLY WITH THIS SETTLEMENT CONFERENCE REQUIREMENT MAY RESULT IN SANCTIONS.**

**E.** Trial: Trial is scheduled for 9:00 a.m. on the date on the *Schedule or as soon thereafter as convened by the court*. The Friday before trial, the parties should access the King County Superior Court website at www.metrokc.gov/kcsc to confirm trial judge assignment. Information can also be obtained by calling (206) 205-5984.

Revised January 2004

<u>MOTIONS PROCEDURES:</u>
A. <u>Noting of Motions</u>
    1) Dispositive Motions; All Summary Judgment or other motions that dispose of the case in whole or in part will be heard with oral argument before the assigned judge. The moving party must arrange with the courts a date and time for the hearing, consistent with the court rules.

        King County Local Rule 7 and King County Local Rule 56 govern procedures for all summary judgment or other motions that dispose of the case in whole or in part. The local rules can be found at www.metrokc.gov/kcscc.

    2) Nondispositive Motions: These motions, which include discovery motions, will be ruled on by the assigned judge without oral argument, unless otherwise ordered. All such motions must be noted for a date by which the ruling is requested; this date must likewise conform to the applicable notice requirements. Rather than noting a time of day, the *Note for Motion* should state "Without Oral Argument." King County Local Rule 7 governs these motions, which include discovery motions. The local rules can be found at www.metrokc.gov/kcscc.

    3) Motions in Family Law Cases not involving children: Discovery motions to compel, motions in limine, motions relating to trial dates and motions to vacate judgments/dismissals shall be brought before the assigned judge. All other motions should be noted and heard on the Family Law Motions Calendar. King County Local Rule 7 and King County Local Rule 94.04 govern these procedures. The local rules can be found at www.metrokc.gov/kcscc.

    *4)* Emergency Motions: Emergency motions will be allowed only upon entry of an *Order Shortening Time*. However, emergency discovery disputes may be addressed by telephone call, and without written motion, if the judge approves.

B. <u>Filing of Documents</u> All original documents must be filed with the Clerk's Office. *The working copies of all documents in support or opposition must be marked on the upper right corner of the first page with the date of consideration or hearing and the name of the assigned judge.* The assigned judge's working copy must be delivered to his/her courtroom or to the judges' mailroom. Do not file working copies with the Motions Coordinator, except those motions to be heard on the Family Law Motions Calendar, in which case the working copies should be filed with the Family Law Motions Coordinator.

    1) Original Proposed Order: Each of the parties must include in the working copy materials submitted on any motion an original proposed order sustaining his/her side of the argument. Should any party desire a copy of the order as signed and filed by the judge, a preaddressed, stamped envelope shall accompany the proposed order.

    2) Presentation of Orders: All orders, agreed or otherwise, must be presented to the assigned judge. If that judge is absent, contact the assigned court for further instructions. If another judge enters an order on the case, counsel is responsible for providing the assigned judge with a copy.

Proposed orders finalizing settlement and/or dismissal by agreement of all parties shall be presented to the assigned judge or in the Ex Parte Department. Formal proof in Family Law cases must be scheduled before the assigned judge by contacting the bailiff, or formal proof may be entered in the Ex Parte Department. If final orders and/or formal proof are entered in the Ex Parte Department, counsel is responsible for providing the assigned judge with a copy.

C. <u>Form:</u> Memoranda/briefs for matters heard by the assigned judge may not exceed twenty four (24) pages for dispositive motions and twelve (12) pages for nondispositive motions, unless the assigned judge permits over-length memoranda/briefs in advance of filing. Over-length memoranda/briefs
and     motions supported by such memoranda/briefs may be stricken.

IT IS SO ORDERED. FAILURE TO COMPLY WITH THE PROVISIONS OF THIS ORDER MAY RESULT IN DISMISSAL OR OTHER SANCTIONS. PLAINTIFF/PETITIONER SHALL FORWARD A COPY OF THIS ORDER AS SOON AS PRACTICABLE TO ANY PARTY WHO HAS NOT RECEIVED THIS ORDER.

*Richard D. Eadie*

Richard D. Eadie, PRESIDING JUDGE

FILED

2004 MAY 26  PM 4: 21

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE. WA.

IN THE SUPERIOR COURT, IN AND FOR THE COUNTY OF KING, STATE OF WASHINGTON

BETTY JEAN NAGEL

CAUSE NO. 04 2 04864 8SEA

Declaration of Service of:
SUMMONS AND COMPLAINT FOR DAMAGES;
ORDER SETTING ORIGINAL CIVIL CASE
SCHEDULE

**Plaintiff/Petitioner**

vs.
JOHN OR JANE DOE I THROUGH VI,
ET AL.,

Defendant/Respondent   Hearing Date:

DECLARATION:

The undersigned hereby declares: That s(he) is now and at all times herein mentioned was a citizen of the United States and resident of the State of Washington, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, and is competent to be a witness therein.

On the date and time of May 25 2004 10:47AM at the address of 601 5TH AVE 7TH FLOOR SEATTLE within the County of King State of Washington, the declarant duly served the above described documents upon CITY OF SEATTLE, A MUNICIPAL CORPORATION   by then and there personally delivering 1 true and correct copy(ies) thereof, by then presenting to and leaving the same with MELIA L. BROOKS ADMINISTRATIVE SPECIALIST IN THE OFFICE OF THE MAYOR. No information was provided that indicates that the subjects served are members of the U.S. military.

I hereby declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

Dated May 25, 2004 at Seattle, WA

by _____
S. Roberts

Service Fees Total | 37.55

ABC Legal Services, Inc.
(206) 623-5771
2635675

ORIGINAL
PROOF OF SERVICE

SHOICHET, FRANK
900 4th Ave, #3250
Seattle, WA  98164

**Exhibit 3**



RECEIVED
In King County Superior Court Clerks Office

FEB 2 6 2004

Cashier Section
Superior Court Clerk

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR KING COUNTY

BETTY JEAN NAGEL

               Plaintiff,

vs.

JOHN or JANE DOE I THROUGH VI, and CITY
OF SEATTLE, a municipal corporation,
               Defendant.

NO.   04-2-04864-8 SEA

SUMMONS

TO THE DEFENDANT: CITY OF SEATTLE

    1. A lawsuit has been started against you in the above-entitled court by Keith Fair
and Nancy Fair, plaintiffs. Plaintiffs' claim is stated in the written complaint, a copy of which is
served upon you with this summons.

    2. In order to defend against this lawsuit, you must respond to the complaint by
stating your defense in writing, and serving a copy upon the person signing this summons within 20
days after the service of this summons, excluding the day of service, or a default judgment may be
entered against you without notice. A default judgment is one where the plaintiffs are entitled to

FRANKLIN W. SHOICHET
Attorney at Law
3250 Bank of California Center 900 Fourth Avenue
Seattle, Washington 98164-1002
Voice 206.382.0000  Fax 206.382.9109

1

The Honorable Steven Scott

2

3

4

5

6

7    SUPERIOR COURT OF THE STATE OF WASHINGTON
          IN AND FOR KING COUNTY

8

9    BETTY JEAN NAGEL,                     No.  04-2-04864-8SEA

10                   Plaintiff,            NOTICE OF APPEARANCE

11        v.

12   JOHN or JANE DOE I through VI and CITY
     OF SEATTLE, a municipal corporation,

13
                    Defendants.

14

TO:         The Clerk of the Court, King County Superior Court;

15

AND TO:     Franklin W. Shoichet and Michael S. Kolker, Attorneys for Plaintiff:

16

17           YOU, AND EACH OF YOU, WILL PLEASE TAKE NOTICE that the undersigned

hereby appears as counsel of record for defendant CITY OF SEATTLE, without waiving

18
     the questions of:

19

20           1.      Lack of jurisdiction over the subject matter;

21           2.      Lack of jurisdiction over the person;

             3.      Improper venue;

22           4.      Insufficiency of process;

23           5.      Insufficiency of service of process;

**Exhibit 4**

NOTICE OF APPEARANCE - 1
M:\CLIENTS\3019\25992\PLD NOA.DOC

STAFFORD FREY COOPER
——— Professional Corporation ———
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

6.   Failure to state a claim upon which relief may be granted; and

7.   Failure to join a party under Rule 19.

YOU ARE FURTHER NOTIFIED that all further papers and pleadings herein, except original process, shall be served upon the undersigned attorneys at the address stated below.

DATED this _23_ day of June, 2004.

STAFFORD FREY COOPER
*Professional Corporation*

By _____

Ted Buck, WSBA #22029
Attorneys for Defendant City of Seattle

NOTICE OF APPEARANCE - 2
M:\CLIENTS\3019\25992\PLD NOA.DOC

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885

1

## Certificate of Service

2

3      The undersigned certifies under the penalty of perjury according to the laws of
the United States and the State of Washington that on this date I caused to be served in
4      the manner noted below a copy of this document entitled **NOTICE OF APPEARANCE**
on the following individual:

5

6      Franklin W. Shoichet
Michael S. Kolker
7      3250 Bank of California Center
900 Fourth Avenue
Seattle, WA  98164-1005

8      *Attorneys for Plaintiff*

9

10     [X] Via Messenger
[ ] Via Mail
[ ] Via Facsimile

11

12     DATED this 23 day of June, 2004 at Seattle, Washington.

13
                                    Brina Carranza
14

15

16

17

18

19

20

21

22

23

NOTICE OF APPEARANCE - 3
M:\CLIENTS\3019\25992\PLD NOA.DOC

STAFFORD FREY COOPER
Professional Corporation
A T T O R N E Y S
3100 TWO UNION SQUARE
601 UNION STREET
SEATTLE, WASHINGTON 98101-1374
TEL. (206) 623-9900
FAX (206) 624-6885